THE PROGRESSIVE SMELTING AND METAL CORPORA-
TION *vs.* THE ANSONIA FOUNDRY COMPANY.

Third Judicial District, Bridgeport, October Term, 1918.
RORABACK, WHEELER, BEACH, GAGER and CURTIS, Js.

Damages recoverable for the wrongful refusal of a vendor to deliver merchandise sold, are to be determined as of the date upon which his refusal was brought to the knowledge of the buyer.

The evidence in the present case reviewed and *held* to lead to but one conclusion, viz.: that the defendant's breach in fact occurred a month earlier than that indicated by the verdict, and that in consequence of a steadily rising market between these dates, the damages awarded were too large and the verdict should therefore be set aside unless the plaintiff remitted about two thirds of its amount.

Submitted on briefs October 25th—decided December 17th, 1918.

ACTION to recover damages for an alleged breach by the defendant of its contract to deliver a quantity of brass turnings to the plaintiff, brought to the Superior Court in New Haven County and tried to the jury before *Tuttle, J.;* verdict and judgment for the plaintiff for $3,090, and appeal by the defendant. *Error and new trial ordered.*

*Robert L. Munger* and *Joseph G. Shapiro*, for the appellant (defendant).

*Benjamin Slade*, for the appellee (plaintiff).

WHEELER, J. This action is to recover damages resulting from the failure and refusal of the defendant to deliver certain bràss turnings under an agreement of sale made on November 10th, 1916. The verdict of the jury determined that the breach of the contract by the defendant was without the legal justification pleaded. The only question arising on the appeal which requires consideration is as to the amount of the verdict.

The plaintiff claimed that the damages should be assessed at about the time the action was brought, December 15th. The defendant claimed they should be assessed as of November 15th. The parties were in agreement that under the Sales Act, § 4733, the measure of damages was the difference between the contract price and the market price at the time the goods contracted for ought to have been delivered, or at the time of the refusal to deliver. The date of the breach became important, since the market was steadily rising; and while the difference between the contract price and the market price on November 15th was one cent a pound, on or about December 15th it was three cents a pound. An assessment of the damages based on the market price on December 15th would support the verdict, and undoubtedly the jury accepted this as the basis for estimating the damage.

The defendant offered evidence that on November 15th its representative called up the plaintiff corporation in New York and inquired for Mr. Donahue, its president; that some one answered the call, whom the defendant's agent supposed to be Mr. Donahue; that he had quite an extended conversation with this person and told him that the defendant would refuse to deliver the turnings under its agreement, unless the goods were paid for by a certified check before being shipped. A telephone slip was introduced in evidence showing

that on November 15th the defendant called for Mr. Donahue at the plaintiff's office, and that the time charged on this call was ten minutes. Mr. Reynolds, the salesman of plaintiff, testified that he talked, sometime in November, with a Mr. Olderman who had asked for Mr. Donahue and said that he had a contract to deliver some brass turnings, and that he was not going to deliver them, and that on the following morning he, Reynolds, reported this conversation to Donahue.

There can be but one conclusion to draw from this. The plaintiff must have understood when this conversation was detailed to its president by its salesman, that the defendant had refused to carry out its agreement. The defendant's breach was at this time brought home to the plaintiff. The damages must be assessed as of this time, which was the date of the breach. As we view the evidence, we find no substantial contradiction. It is true that the plaintiff sent the defendant a telegram and letter on November 22d, and a letter on December 7th, each calling upon it to carry out its agreement, and that no reply was made to these, and Mr. Donahue testified that he expected, up to the time he brought suit, that the defendant would carry out its part of this contract. None of this testimony effectively contradicts the fact that the defendant repudiated the agreement on November 15th, and its repudiation was brought home to the plaintiff on November 16th. The testimony of both plaintiff and defendant was in agreement upon this. The jury should have been instructed, if they reached the question of damages, to assess them as of November 16th.

The motion to set aside the verdict should have been granted unless the plaintiff filed a *remittitur* reducing the verdict to $1,000, with interest from November 16th, 1916.

There is error, the judgment is reversed and a new trial ordered unless the plaintiff files a *remittitur* reducing the verdict to $1,000, with interest from November 16th, 1916.

In this opinion the other judges concurred.